IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

COLBY ALAN PALMER,

       Plaintiff,

vs.

FORT DODGE CORRECTIONAL
FACILITY, WARDEN CORNELL
SMITH, SECURITY DIRECTOR
COSTELLO, MIKE BABCOCK,
KAREN KRUSE, COURTNEY
PEARSON, EARL WARREN, TODD
CARVER, S. SORENSON, TROY
HAMMON, C.O. STEWART, C.O.
MCCUBBIN,

       Defendants.

No. C08-3001-LRR

INITIAL REVIEW ORDER

---

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on February 20, 2008. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983. In his complaint, the plaintiff, among other things, asked the court to appoint counsel.

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $6.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward

payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Currently confined at the Iowa Medical and Classification Center in Oakdale, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The court is unable to determine as a matter of law whether the plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915A.[1] Consequently, the court is of the opinion that the matter is best addressed after receipt of an answer and/or any dispositive motion deemed appropriate. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989); *Money v. Moore*, 877 F.2d 9, 10 (8th Cir. 1989). The Clerk of Court shall serve the complaint on the defendants and mail a copy

---

[1] The court notes that a cursory review of the plaintiff's complaint suggests that the claims are likely to fail because: (1) prison policies survive constitutional challenges if they are reasonably related to legitimate penological interests, *see Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); (2) inmates do not have a constitutional right to a particular classification, *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); (3) no liberty interest is normally implicated by segregation, *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) (citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)); and (4) although the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment of the Constitution, *see Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993), the Eighth Amendment does not mandate comfortable prisons, *see Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). With respect to the last point, a prisoner must show that the alleged deprivation, viewed objectively, is "sufficiently serious" and that the prison officials' actions, viewed subjectively, demonstrate a "deliberate indifference" to the prisoner's health or safety. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998). A deprivation is "sufficiently serious" if it denies a prisoner the "minimum civilized measures of life's necessity." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991) (internal quotations omitted).

of the complaint to the Iowa Attorney General without the prepayment of fees and costs. A copy of this order is to accompany the documents being served. The Iowa Attorney General shall notify the court immediately if he lacks the consent of the defendants to appear generally on their behalf and submit to the jurisdiction of the court. The defendants shall file an answer or other dispositive motion by no later than June 30, 2008.

With respect to the plaintiff's request for appointment of counsel, the court does not believe that the assistance of counsel is warranted at this time. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Accordingly, the plaintiff's request for appointment of counsel is denied.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is granted.
2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.
3) The agency having custody of the plaintiff is directed to submit $6.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.
(4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.
5) The Clerk of Court is directed to serve the complaint on the defendants and mail a copy of the complaint to the Iowa Attorney General without the prepayment of fees and costs. A copy of this order is to accompany the documents being served.
6) The Iowa Attorney General is directed to notify the court immediately if he lacks the consent of the defendants to appear generally on their behalf and submit to the jurisdiction of the court.
7) The defendants are directed to file an answer or other dispositive motion by no later than June 30, 2008.

8) The plaintiff's request for appointment of counsel is denied.

**DATED** this _28th_ day of May, 2008.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT

**TO: WARDEN/ADMINISTRATOR**
**Iowa Medical and Classification Center, Oakdale, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Colby Palmer, #6976678, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Palmer v. Fort Dodge Correctional Facility, et al.*, Case No. C08-3001-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner's account information, the court has assessed an initial partial filing fee of $6.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*Dianne Eveland*

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa

# NOTICE OF LAWSUIT
## and REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

COLBY ALAN PALMER,

       Plaintiff,

vs.

FORT DODGE CORRECTIONAL FACILITY,
WARDEN CORNELL SMITH, SECURITY
DIRECTOR COSTELLO, MIKE BABCOCK,
KAREN KRUSE, COURTNEY PEARSON,
EARL WARREN, TODD CARVER, S.
SORENSON, TROY HAMMON, C.O.
STEWART, C.O. MCCUBBIN,

       Defendants.

No. C08-3001-LRR

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _May 28, 2008_ .

I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this ___28th day of May___, 2008.

_Dianne Eveland_
Signature (Clerk's Office Official)
Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
## NOTICE OF LAWSUIT,
## and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after _____, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

COLBY ALAN PALMER,

        Plaintiff,

vs.

FORT DODGE CORRECTIONAL FACILITY,
WARDEN CORNELL SMITH, SECURITY
DIRECTOR COSTELLO, MIKE BABCOCK,
KAREN KRUSE, COURTNEY PEARSON,
EARL WARREN, TODD CARVER, S.
SORENSON, TROY HAMMON, C.O.
STEWART, C.O. MCCUBBIN,

        Defendants.

No. C08-3001-LRR

     I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

     I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent).

Date _____

Signature _____
Printed name _____
As _____ of _____
      (Title)          (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

Date _____      Signature _____
                          Printed name _____
                          As _____ of _____
                                (Title)              (Entity)

<strong><u>Address Form</u></strong>

Case Number: C08-3001-LRR          Date: May 27, 2008

To:    Clerk of Court
RE:    Service on Named Defendants

                  Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:    **ALL DEFENDANTS**
                  Fort Dodge Correctional Facility
                  406 North High Street
                  P.O. Box 10
                  Anamosa, IA  52205-0010